**PONDER, In the Matter of: Bankrupt.**

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION.

No. 70880.  Decided February 10, 1954.

**OPINION**

By WOODS, Referee in Bankruptcy

J. Perry Teeple, Trustee, filed his Application for Show-Cause Order on bankrupt to turn over unexempt earnings and the proceeds of a claim paid to him as a result of an automobile collision.

As to the first controversy, the schedules show that the bankrupt was employed by the Chevrolet Motor Co., and in Schedule B-5 as to property claimed exempt, recites, "Exemptions claimed under §2329.62 et sequi R. C.—$100."

The pertinent statute §2329.66 R. C. (§11725 GC), is as follows:

"Every person who is the chief support of a family . . . . may hold property exempt from execution, attachment or sale for any debt, damage, fine or emercement, as follows;

F. Eighty percent of the first two hundred dollars and sixty per cent of the balance of the personal earnings of the debtor . . . ."

From the facts as presented, it appears that in the month preceding filing of the petition, bankrupt was employed by the Chevrolet Cleveland Co. and received $400 for the 30 day period. For the period he was paid $50.40 on Nov. 13, 1953, $67.20 on Nov. 20, 1953, $113.93 on Nov. 27, 1953, $83.20 on Dec. 4, 1953, and $110.78 on Dec. 11, 1953. The Trustee claims that under the statute as to exemptions, there should be set off to the bankrupt the sum of 80% of the first $200 of these earnings of $160 plus 60% of the balance of said earnings or $120, so that the allowed exemptions of $160 plus $120 makes $280 of the $400 earned by bankrupt in 30 days prior to his adjudication which should be exempted.

This leaves $120 of the bankrupt's earnings for the last 30 days as nonexempt which is the amount so claimed by the Trustee as nonexempt. However, bankrupt was paid before bankruptcy all except $110.78 which was paid on Dec. 11, 1953. Of course, the Trustee is not entitled to collect for wages paid to bankrupt before bankruptcy, and while the computation shows the Trustee would be entitled to $120 if such amount was still unpaid at bankruptcy, the amount unpaid in fact was $110.78 paid on Dec. 11, 1953, which should be paid by bankrupt to the Trustee since it was collected after bankruptcy.

Examination of the many authorities submitted by counsel

for Trustee and counsel for bankrupt failed to present any case or authority which would justify different conclusions than that urged by the Trustee in this proceeding. Here is presented a question under the Wage Exempt Statute of the State of Ohio, and decisions of other states or of bankruptcy courts outside of Ohio are of little help in this situation.

As to the second controversy which arose out of an automobile collision in which a settlement was made by the bankrupt by payment of $401.53 to the finance company and bankrupt on Nov. 9, the finding must be that Trustee has not shown that he is entitled to such fund.

The voluntary petition of bankrupt was filed on Dec. 4, 1953, and thus the damage claim was settled and fund paid before bankruptcy. Bankrupt having received the fund before bankruptcy, no ground has been shown by Trustee upon which he has established that such fund became an asset for distribution in the bankrupt estate.

An order should be prepared requiring the bankrupt to pay to J. Perry Teeple, Trustee, the sum of $110.78, unexempt earnings collected by bankrupt after his adjudication, and further the trustee's petition for the turnover of any fund paid to bankrupt before bankruptcy as a result of the automobile collision should be denied and dismissed.