560

## PRPICH, Bankrupt, In re.

IN THE DISTRICT COURT OF THE UNITED STATES NORTHERN DISTRICT OF OHIO EASTERN DIVISION.

No. 85669. Decided August 18, 1960.

J. Perry Teeple, Trustee.
Donald Isham, for the bankrupt.

## OPINION

By WHITE, Referee in Bankruptcy.

This matter was heard upon the petition filed by Donald Isham, attorney for the bankrupt, to require the Trustee, J. Perry Teeple, to refund all monies collected by said Trustee to said bankrupt for the reason that said monies were improperly and unlawfully collected from the bankrupt by said Trustee. Due notice of said hearing was given to all parties as required by law.

The bankrupt at said hearing was represented by counsel and the Trustee appeared on his own behalf. The Court heard all the evidence and testimony as stipulated by both parties; and having considered the briefs submitted by both parties, does hereby make the following finding of facts and law;

## FINDING OF FACTS

1. The bankrupt, Richard Shirl Prpich, was duly adjudicated a bankrupt on August 6, 1959.

2. In the thirty (30) day period immediately preceeding his adjudica-

tion herein, he (Prpich) earned Six Hundred Forty-One Dollars and 51/100 ($641.51), being employed by Roadway Express, Inc. Said bankrupt was paid Two Hundred Thirty-Nine Dollars and 95/100 ($239.95) on August 6, 1959 and August 13, 1959.

3. The bankrupt is a married man with one dependent, his wife.

4. The Trustee set off to the bankrupt his exemptions as claimed and allowed by §2329.66 R. C.

5. The Trustee filed a petition for a turn over order asking for Two Hundred Dollars and no/100 ($200.00) unexempt wages; and after a hearing held on October 15, 1959, at which the bankrupt appeared without counsel, said turn over order was granted and a certified copy of said Order was served upon the bankrupt and his attorney.

The bankrupt has complied with the turn over order and the Trustee has deposited Two Hundred Dollars and no/100 ($200.00) in the First National Bank of Akron, Ohio.

## CLAIM OF THE BANKRUPT

The bankrupt claims that when the only assets to be obtained are the wages of a bankrupt, in such a case, the wages should be rejected as cumbersome regardless of whether the bankrupt is or is not entitled to them under the exemptions law of the State.

## QUESTION AT LAW

The question before the Court as raised by the attorney for the bankrupt is whether the excess of said wages so earned, over and above the amount of exempt wages as allowed under §2329.66 R. C., and unpaid on the date of bankruptcy, is an asset of the bankrupt's estate which should be turned over to the Trustee for administration?

## LAW

Title 11, Chapter 7, Section 110 of the United States Code provides:

The Trustee of a bankrupt . . . upon his . . . appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this Act, except insofar as it is property which is held to be exempt, all of the following kinds of property. . .

(5) property, including rights of action, which, prior to the filing of the petition, he could have transferred by any means or which might have been levied upon . . . or otherwise seized, impounded, or sequestered. . .

Under §2329.66 R. C., such unexempt wages are a property, or a right of action, which could have been seized, impounded or sequestered.

The Bankruptcy Act vests title in the Trustee as of the date of the filing of the petition in Bankruptcy, of all property, wherever so located except insofar as it is property which is held exempt in which the bankrupt has an estate or interest.

Furthermore, Title 11, Chapter 5, Section 75 of the United States Code provides and requires, and sets forth the duties of the Trustee:

The Trustee shall (1) collect and reduce to money the property of the estate. . .

The Courts in reported cases require the Trustee to perform this

duty and make the Trustee personally liable if he neglects and fails to do so.

The Court held in the matter of Power, 44 Am B. R. (N. S.) 351, 115 Fed. 2d 69, that:

It is the Trustee's duty to collect the assets of the estate and he is responsible for the failure to do so and he may be charged with the value of the assets which never come into his possession, if he fails in his duty to get them in his possession.

The question of title to wages, fees, and commissions earned and accrued prior to bankruptcy and paid subsequent thereto has been considered many times by the Bankruptcy Court. The general rules are clear that a Trustee in Bankruptcy takes title to all wages, fees, and commissions as of the date of the Bankruptcy. See 38 Vellacott v. Murphy, 16 Fed. 2d 700 (Certiorari denied 273 US 767), **Buckingham v. Buckingham, 36 Oh St 68; Bank v. Viona, 122 Oh St 28.**

Referee in Bankruptcy, William B. Woods, held **In re Ponder, 67 Abs 407,** that a Trustee in Bankruptcy is entitled to such wages as are non-exempt by applicable State Law.

Judge Paul Jones of the United States District Court, for the Northern District of Ohio, Eastern Division in affirming the opinion of Referee William B. Woods held:

In Ohio the State Courts have interpreted §11738 GC (§2329.81 R. C.), as to exemptions in lieu of homestead. The exemptions cannot be allowed to a debtor out of money owed to him. **In re Sherk, 52 O. O. 189.**

The bankrupt raises the question of the Trustee's right to request unexempt wages paid to him on the date of filing the petition in Bankruptcy. It is clear that title to the bankrupt's property vests in the Trustee as of the date of the filing of the Bankruptcy petition. See in the matter of Orenstein, 24 Am B. R. (N. S.) 637, in which Judge Joyce held:

Salary of the bankrupt earned and paid to him on the date he filed his petition in Bankruptcy passes to his Trustee.

The matter of hardship was raised in the brief submitted to the Court. There was no evidence to establish the basis of a consideration of a hardship in this case.

The law is clear that this Court has jurisdiction to modify or withdraw a turn over order. Whether a prior order should be vacated or modified is a matter for the sound discretion of the Court. The Order in question was filed on October 15, 1959, and the last payment under said Order was made on March 14, 1960. The motion for the refund of money was filed on March 29, 1960, five (5) months after the turn over order was filed and two weeks after the last payment was made under said order.

In Colliers on Bankruptcy, 14 Ed., Vol. 1, the author in discussing Section 2 of the Bankruptcy Act states:

Since a Court of Bankruptcy has no separate term, it may modify or vacate its Order, Decrees, or Judgments upon seasonable application, so long as no intervening rights have become vested in reliance thereon.

Whether a prior Order should be vacated or modified is a matter for the sound discretion of the Court; but certainly there is no showing

by the bankrupt that the Trustee has improperly or unlawfully collected said sums from the bankrupt, and there being no other evidence for the Court to consider, this Court cannot vacate the Order as made.

As previously stated by many Courts regarding certain statutes enacted by the legislature, it is not within the providence of the Court to act as a legislator and change the law. Should the bankrupt feel that the law should be otherwise, the matter is within the providence of the proper legislative bodies.

## CONCLUSION

The conclusion and finding is that the motion filed by the bankrupt on the 9th day of March 1960, is denied.

The Trustee, J. Perry Teeple, will draw an Order in accordance with the above finding of facts and law and submit the same to this Court.